IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-60245 |
| | § | |
| FATIMA NASEEB | § | |
| xxx-xx-x4374 | § | |
| 1909 Shiloh Rd. #154 | § | |
| Tyler, TX 75703 | § | |
| | § | |
| DEBTOR | § | CHAPTER 7 |

_____

| | | |
|---|---|---|
| AUSTIN BANK, TEXAS N.A. | § | |
|          Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| | § | |
| FATIMA NASEEB | § | |
|          Defendant, | § | |

## COMPLAINT OBJECTING TO THE DISCHARGE OF A DEBT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Austin Bank, Texas N.A. (the "Plaintiff"), and files this Complaint against Fatima Naseeb (the "Defendant") Objecting to the Discharge of a Debt pursuant to 11 U.S.C. §§523(a)(2), (4) and (6) and in support would show the Court as follows:

### PARTIES

1. Plaintiff is a banking corporation duly authorized to conduct business in the State of Texas.

2. Defendant is Fatima Naseeb, the Debtor in the above styled and numbered case and an individual who resides at 1909 Shiloh Rd. #154, Tyler, TX 75703.

Original Complaint

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(I). This is a complaint objecting to the discharge of a debt under 11 U.S.C.§§523(a)(2), (4) and (6).

## FACTUAL BACKGROUND

4. Defendant filed a Voluntary Petition under Chapter 7 on April 18, 2018.

5. On or about July 3, 2017, Defendant obtained a loan from Plaintiff on behalf of Fatima Ali, LLC, in the original principal amount of $11,119.66. Defendant executed a Commercial Guaranty wherein she personally guaranteed payment of the Note. In order to secure payment of the Note, Defendant executed a Commercial Security Agreement in her individual capacity and as member of Fatima Ali, LLC, granting Plaintiff a security interest in a 2013 Nissan Altima, VIN 1N4AL3AP8DN461180. At the time the Defendant filed the bankruptcy petition the unpaid balance of the Note was $10,432.92. Interest continues to accrue as provided in the Note. Furthermore, Plaintiff has incurred attorney's fees to protect its rights. Defendant agreed in the Commercial Guaranty to pay Plaintiff's reasonable costs and expenses, including attorney's fees.

6. At the time the loan was obtained, title to the 2013 Nissan Altima was held by a credit union. Plaintiff gave Defendant the loan proceeds and Defendant represented that she would pay off the credit union and bring the title to Plaintiff. Upon information and belief, it took Defendant about six weeks to get the title form the credit union.

7. After Defendant obtained the title to the 2013 Nissan Altima from the credit union, Defendant did not bring the title to Plaintiff as she had represented to Plaintiff when the loan was obtained. Instead, Defendant took the title and obtained a loan from OneMain Financial secured by

the 2013 Nissan Altima, VIN 1N4AL3AP8DN461180.

### OBJECTION TO THE DISCHARGE OF A DEBT–§523(A)(2)

8. 11 U.S.C.§523(a)(2) states in part that a debtor is not discharged from a debt "for money...or an extension...of credit, to the extent obtained by false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's...financial condition."

7. Actual fraud, by definition, consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another-something said, done or omitted with the design of perpetrating what is known to be a cheat or deception. *RecoverEdge L.P. v. Pentecost*, 44 F 3d 1284 (5th Cir 1995); *In re Wendt*, 381 B.R. 217 (Bankr S.D. Tex. 2007).

8. An intent to deceive may be inferred from reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation. *In re Acosta*, 406 F 3d 367 (5th Cir. 2005).

9. Defendant represented to Plaintiff at the time the loan was obtained, that she would bring the title to the 2013 Nissan Altima, VIN 1N4AL3AP8DN461180 to Plaintiff. Defendant knew the representation was false but nonetheless made it with the intent to deceive Plaintiff. Plaintiff relied on the representation and sustained loss as a proximate result of it.

### OBJECTION TO THE DISCHARGE OF A DEBT–§523(A)(4)

10. 11 U.S.C.§523(a)(4) provides that a debtor is not discharged from a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

11. Embezzlement is defined for the purposes of §523(A)(4) as the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Miller v. J.D. Abrams, Inc.,* 156 F 3d 598, 602 (5th Cir. 1998).

Original Complaint

12.     Defendant owed a fiduciary duty to take the loan proceeds to the credit union, payoff the debt, and bring the title to the 2013 Nissan Altima to Plaintiff, so that Plaintiff could record its lien on the title. Instead, Defendant appropriated the title to her own use by obtaining a loan from OneMain Financial secured by the vehicle. Defendant fraudulently appropriated the title to the 2013 Nissan Altima after lawfully obtaining it from the credit union.

OBJECTION TO THE DISCHARGE OF A DEBT–§523(A)(6)

13.     11 U.S.C.§523(a)(6) states that a debtor is not discharged from a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

14.     The word "willful" in Section 523(a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaanhan v. Geiger*, 523 U.S. 57, 61, 118 S Ct. 974, 140 L. Ed 2d 90 (1998); *In re Wendt*, 381 B.R. 217 (Bankr S.D. Tex. 2007).

15.     An injury is "willful and malicious" where there is either an objective substantial certainty of harm or a subjective motive to cause harm. *Miller v. J.D. Abrams, Inc.,* 156 F 3d 598 (5th Cir. 1998).

16.     The debt obtained by Defendant from Plaintiff was for willful and malicious injury by Defendant to the Plaintiff's security interest in the 2013 Nissan Altima.

WHEREFORE, Plaintiff prays that it have judgment against the Defendant as plead and that the debt be excepted from discharge and for such other and further relief to which it may show itself to be justly entitled.

       Respectfully Submitted,

       MCNALLY & PATRICK L.L.P

By:   /s/ Glen Patrick
       State Bar I.D. #15579500
       ATTORNEYS FOR AUSTIN BANK, TEXAS N.A.
       100 E. Ferguson, Ste 400
       Tyler, Texas  75702
       Telephone No. 903/597-6301
       Facsimile No. 903/597-6302